THE STATE, WARNE, PROSECUTOR, v. JOHNSON, THE COL-LECTOR OF WASHINGTON TOWNSHIP.

1. The 12th section of the tax law of 1862 repeals those parts of the act of 1854 which relate to mortgages, so that all personal estate, including all debts secured by mortgage, is to be taxed.

2. To entitle a tax payer to have the debts he owes deducted, he must have an affidavit made out and delivered to the assessor before the time limited by law for closing the assessment roll. The assessor is not bound to do it for him. If neglected, the commissioners of appeal may waive it, and make the deduction; but if they decline to do so, the court will not set aside the tax.

This was a *certiorari* in a tax case, and was argued before Justices ELMER and VAN DYKE, by *J. M. Sherrerd,* for the prosecutor, and *J. Vliet,* for the township.

The opinion of the court was delivered by

ELMER, J. That part of the tax against the prosecutor, called in the duplicate "the war fund," assessed by direction of the township committee, in pursuance of a vote of a meeting of the inhabitants of the township, not even professing to be convened as a regular town meeting, is clearly erroneous, and must be set aside.

As to the tax against Warne as trustee, from which a deduction is claimed on account of certain debts due upon mortgages against the real estate, it must be affirmed as it stands. Mr. Warne states, in his testimony, that the as-

sessor asked him if he was aware of the law being altered, and that there must be an affidavit made of the amount of debts to have a deduction, and that upon his asking the assessor to draw it up for him, he said he had not time, but that at a future time he would do it, and that shortly after Mr. Warne again saw the assessor, and he said he had not time to do it.

The 12th section of the act of 1862 concerning taxes enacts, that in making the valuation of the real and personal estate, for which any individual shall be assessed by virtue of this act, it shall be lawful for the assessor, or for the commissioners of appeal in cases of taxation, to deduct from such valuation the amount of any debt or debts *bona fide* due and owing from such individual to creditors residing within this state, provided that in case of real estate, the holder of such debt shall reside in the same county where such real estate lies, and every assessor shall require every person claiming an exemption from tax on account of any debt or debts owing by him, to make a true statement, under oath, of such debts and the amount thereof, and deliver the same to the assessor, on or before the time limited by law for closing his assessment roll, which statement shall be filed with the township clerk. This section, in connection with other parts of the act of 1862, is inconsistent with those parts of the act of 1854 which relate to mortgages, and virtually repeals them ; so that now all the estate of the taxpayer, including all debts due to him, either secured by mortgage or otherwise, is to be taxed, deducting only such debts as he owes to creditors residing within this state ; and in case he owes more than the value of his real estate, then deducting therefrom such debts, not deducted from the personalty, as he owes to creditors residing in the same county in which the real estate lies.

According to the strict language of the aforesaid 12th section, the taxpayer's affidavit of the debts he claims to have deducted must be delivered to the assessor before the time limited by law for closing his assessment roll, in this case the 20th day of August.

The assessor is not bound to draw it for him, unless he has the leisure, and chooses to do so. Mr. Warne never presented an affidavit, but relied on the assessor drawing it for him.

But inasmuch as the commissioners of appeal have the power to make deductions, it is insisted that the affidavit might be presented to them, and that the prosecutor was prevented from doing this by the commissioners having neglected to meet. There is, however, no proper evidence that they did not meet. The act fixes no time in the day for the meeting, and although Mr. Warne testifies he attended at the proper time and place, and did not find them, it appears that he stayed, at the latest, only until one o'clock, and there is no negative evidence that they did not convene during the business hours of the day. In the absence of such evidence, we must presume they did meet. And if it had been shown that in fact, there was no meeting of the commissioners on the day fixed by law, this fact would not, in my opinion, entitle him to relief from the court. As he did not absolutely refuse to be sworn, so as to debar a right of appeal, I think the commissioners, if satisfied that he had been prevented from making the affidavit by a misunderstanding, might have received his affidavit, and granted him relief, yet they were not strictly bound to do so; and if by his negligence he, or the person he represents, has suffered loss, this court is not called on to aid him.

CITED in *State, Vail's Ex'rs, pros.*, v. *Runyon*, 12 *Vroom* 103.